## ROGERS *v.* BEDELL.

(*Knoxville.*    September 19, 1896.)

EVIDENCE.    *Admissible to invalidate indorsement of check.*

Evidence that a check which had been dishonored was subsequently delivered by the payee to another person, under an agreement that the former should not be bound upon it because of his indorsement made before it was dishonored, is admissible to set aside the effect of the previous indorsement.

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. JOHN A. MOON, J.

CHAMBLISS & CHAMBLISS for Rogers.

TRÉWHITT & STANFIELD for Bedell.

WILKES, J.    This is an action commenced before a Justice of the Peace. On appeal to the Circuit Court there was a verdict of a jury, and judgment for the defendant, and plaintiff appealed and assigned errors.

The suit is brought upon a check signed by "H. Whiteside, Special," payable to the order of C. A. Bedell, and indorsed by him in blank. It was orig-

Rogers *v.* Bedell.

inally indorsed and delivered to the Chattanooga Brewing Company, but, on presentation at the bank, was not paid for want of funds, and was then taken up by Bedell. Subsequently it was paid to plaintiff by Bedell in extinguishment of an account held against defendant by plaintiff. Defendant insists that when he delivered it to plaintiff's agent, it was agreed that he was not to be bound by the indorsement, but that plaintiff took it upon the assurance of Mr. Whiteside that he would pay it or have it paid. Plaintiff objected to this testimony, on the ground that the indorsement in blank had the legal effect to bind the indorser in case demand and protest should be made, and that this legal effect could not be altered by parol evidence.

The reception of this testimony to contradict the legal effect of the blank indorsement is assigned as error, and it is also assigned that the Court erred in charging the jury that if the check was delivered to plaintiff after it had been refused at the bank for want of funds, then plaintiff need not make presentment, demand, and protest, but that the parties might agree that no liability should arise out of the indorsement, and if the jury should find such agreement, then defendant would not be held liable.

We think there is no error in the admission of the evidence nor in the charge of the Court. It is not necessary to decide whether the effect of the blank indorsement could be contradicted by parol evidence of what transpired when it was made; that is not the

13 P—16

Rogers *v.* Bedell.

case. This check had been dishonored, and it was competent to show its subsequent delivery to plaintiff's agent under an agreement that the party delivering it should not be bound upon it because of an indorsement previously made, and such evidence of a subsequent agreement and contract was clearly competent to set aside the effect of an indorsement previously made. *Meacham* v. *Herndon*, 2 Pick., 368; *Bryan* v. *Hunt*, 4 Sneed, 544.

The judgment is affirmed, with costs.